UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH THORNTON WRIGHT, #689294,

          Petitioner,

                                         CASE NO. 2:14-CV-12792

v.                                  HONORABLE PAUL D. BORMAN

KENNETH MCKEE,

          Respondent.

_____/

**ORDER DENYING PETITIONER'S MOTION
TO HOLD HABEAS PETITION IN ABEYANCE**

**I.**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner

Joseph Thornton Wright ("Petitioner") was convicted of first-degree murder, MICH.

COMP. LAWS § 750.316, and possession of a firearm during the commission of a felony,

MICH. COMP. LAWS § 750.227b, following a jury trial in the Wayne County Circuit Court.

He was sentenced to consecutive terms of life imprisonment without the possibility of

parole and two years imprisonment in 2011. In his current petition, he raises an

insufficient evidence claim. The matter is currently before the Court on Petitioner's

motion to hold his habeas petition in abeyance and stay the proceedings so that he may

return to the state courts and exhaust additional issues concerning newly-discovered

evidence. For the reasons stated, the Court denies Petitioner's motion.

## II.

Petitioner's convictions arise from the shooting death of Duane Gilmore during a dispute in Wayne County, Michigan on June 2, 2010.  Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising the insufficient evidence claim contained in his current petition.  The Michigan Court of Appeals affirmed his convictions.  *People v. Wright*, No. 308158, 2013 WL 2120293 (Mich. Ct. App. May 16, 2013) (unpublished).  Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied.  *People v. Wright*, 495 Mich. 881, 838 N.W.2d 156 (Oct. 28, 2013).  Petitioner filed his federal habeas petition, and the instant motion, on July 16, 2014.

## III.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts.  *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*).  The claims must also be presented to the state courts as federal constitutional issues.  *Koontz v. Glossa*, 731 F.2d

2

365, 368 (6th Cir. 1984). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

A federal court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Petitioner has not shown the need for a stay. His current habeas claim is exhausted and he has not shown that the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), poses a concern. The one-year limitations period does not begin to run until 90 days after the conclusion of direct appeal, *see Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (stating that a conviction becomes final when "the

3

time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333

(2007).  The Michigan Supreme Court denied leave to appeal on October 28, 2013 and

the time for seeking a writ of certiorari with the United States Supreme Court expired on

January 26, 2014.  Petitioner filed his federal habeas petition on July 16, 2014.  Thus, less

than six months of the one-year period had expired when Petitioner instituted this action.

While the time in which this case has been pending in federal court is not statutorily

tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (a federal habeas petition is

not an "application for State post-conviction or other collateral review" within the

meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such

time is equitably tolled.  *Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich.

2004).  The limitations period will also be tolled during the time in which any properly

filed post-conviction or collateral actions are pending in the state courts.  28 U.S.C. §

2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002).  Given that six months of the

one-year period remains, Petitioner has sufficient time to exhaust additional issues in the

state courts and return to federal court should he wish to do so.  He has not shown the

need for a stay.  Moreover, while there is no evidence of intentional delay and Petitioner

asserts cause for his delay in exhausting his remedies, the Court cannot determine

whether his "newly-discovered" evidence issues are plainly meritless based upon his

pleadings.  Given such circumstances, a stay is unwarranted.

4

**IV.**

Accordingly, the Court **DENIES** Petitioner's motion to hold his habeas petition in abeyance and stay the proceedings.  Should Petitioner wish to have the Court dismiss the present petition, which contains an exhausted insufficient evidence claim, so that he may pursue additional issues in the state courts, he may move for a non-prejudicial dismissal of his habeas petition within **30 DAYS** of the filing date of this order.  If he does not do so, the Court shall proceed on the claim contained in the pending petition.

   **IT IS SO ORDERED.**


                              s/Paul D. Borman
                              PAUL D. BORMAN
                              UNITED STATES DISTRICT JUDGE

Dated:  September 2, 2014



CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 2, 2014.


                              s/Deborah Tofil
                              Case Manager